| | |
|---|---|
| 1 | **SUSAN K. HATMAKER 172543** |
| | **RACHELLE TAYLOR GOLEN 295385** |
| 2 | **HATMAKER LAW GROUP** |
| | A Professional Corporation |
| 3 | 7522 N. Colonial Avenue, Suite 105 |
| | Fresno, California 93711 |
| 4 | Telephone: (559) 374-0077 |
| | Facsimile: (559) 374-0078 |
| 5 | |
| | ATTORNEYS FOR Defendants: J AND J HOLDINGS, LLC; |
| 6 | TLWP INVESTMENTS, LP; and SHANE S. ANDERSON, |
| | individually and as Trustee |
| 7 | |

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

* * *

| | | |
|---|---|---|
| CYNTHINA HOPSON, | ) | NO. 2:19-cv-01379-TLN-KJN |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS, J AND J HOLDINGS, LLC; TLWP INVESTMENTS, LP; SHANE S. ANDERSON, as an individual, and as Trustee of the Shane S. Anderson Declaration of Trust UDT October 28, 2014's, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1) AS TO PLAINTIFF'S COMPLAINT; MOTION FOR DECLARATORY RELIEF AGAINST DEFENDANT ROSS STORES, INC.** |
| | ) | |
| vs. | ) | |
| | ) | |
| ROSS STORES, INC., as an entity and doing business as "DD's Discounts"; J AND J HOLDINGS, LLC; TLWP INVESTMENTS, LP; SHANE S. ANDERSON, as an individual and as trustee of the Shane S. Anderson Declaration of Trust UDT October 28, 2014; and DOES 1-50, Inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | Date: November 28, 2019 |
| | ) | Time: 10:00 a.m. |
| | ) | Courtroom: 8th Floor, Courtroom 25 |
| | ) | |
| | ) | Judge: Honorable Kendall J. Newman |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND FOR DECLARATORY RELIEF**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ....................................................................................................... 2

   A. PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS PLAINTIFF'S COMPLAINT DOES NOT MEET THE PLEADING REQUIREMENTS OF F.R.C.R., RULE 8 ............ 2

      1. The Complaint Does Not Specify How the Alleged Barriers Related to Plaintiff's Particular Disability ........................................................................ 3

   B. OWNER DEFENDANTS UPGRADED THE PREMISES SO THAT IT MEETS OR EXCEEDS THE FEDERAL ACCESSIBILITY DESIGN STANDARDS RENDERING PLAINTIFF'S COMPLAINT MOOT ........................................................................ 4

III. DECLARATORY RELIEF IS PROPER AS OWNER DEFENDANT DOES NOT CONTROL THE ENTIRE PREMISES SUBJECT TO THIS LAWSUIT ................... 7

IV. THE COURT SHOULD DECLINE TO RETAIN SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS ................................................... 8

V. THE PRESENT CIRCUMSTANCES WARRANT THE ALLOWANCE FOR DEFENDANT'S RECOVERY OF HER ATTORNEYS' FEES AND COSTS. .......... 9

VI. CONCLUSION ................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Wright* (1984) 468 U.S. 737, 752 ................................................................................ 3

*Anderson v. U.S. Department of Housing and Urban Development* (5th Cir. 2008) 554 F.3d 525, 528 .................................................................................................................................... 2

*Archuleta v. Wagner* (10th Cir. 2008) 523 F.3d 1278, 1281 ...................................................... 2

*Ashcroft v. Iqbal* (2009) 556 U.S. 622, 678 .............................................................................. 2

*Aulson v. Blanchard* (1st Cir. 1996) 83 F.3d 1, 3 ..................................................................... 2

*Bacon v. Walgreen Co.* (E.D.N.Y. 2015) 91 F.Supp.3d 446 ..................................................... 5

*Bacon v. Walgreen Co., supra,* 91 F.Supp.3d at 451 ................................................................. 6

*Baskin v. Hughes Realty, Inc.* (2018) 25 Cal.App.5th 184, 192-192 ........................................ 1

*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555 ...................................................... 2

*Bercovitch v. Baldwin* (1999) 191 F.3d 8 ................................................................................. 9

*Calderon v. Ashmus* (1998) 523 U.S. 740 ................................................................................ 7

*Doran v. 7-Eleven, Inc.* (9th Cir. 2008) 524 F.3d 1034, 1044 ................................................... 3

*Doran, supra,* 524 F.3d at 1041 ................................................................................................ 4

*Foster v. Carson* (9th Cir. 2003) 347 F.3d 742 ........................................................................ 5

*Gen. Atomic Co. v. United Nuclear Corp.* (9th Cir. 1981) 655 F.2d 968 ................................. 4

*Grove v. De La Cruz.* (C.D. Cal. 2005) 407 F.Supp.2d 1126 ................................................... 6

*Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo* (2d Cir. 1992) 981 F.2d 50 ......... 5

*Kokkonen v. Guardian Life Ins. Co.* (1994) 511 U.S. 375 ........................................................ 4

*Lexmark Intern., Inc. v. Static Control Components, Inc.* (2014) 134 S.Ct. 1377 ................... 3

*McCarthy v. United States* (9th Cir. 1988) 850 F.2d 558 ......................................................... 4

*Migdal v. Rowe Price-Fleming, Int'l Inc.* (4th Cir. 2001) 248 F.3d 321, 328 ........................... 2

*Moeller v. Taco Bell Corp* (N.D. Cal. 2011) 816 F.Supp.2d 831 ............................................. 5

*Moore v. Dollar Tree Stores, Inc.* (E.D. Cal. 2015) 85 F.Supp.3d 1176 .................................. 5

*Oliver v. Ralphs Grocery Co.* (9th Cir. 2011) 645 F.3d 903 ..................................................... 5

*Oliver v. Ralphs Grocery Co.* (9th Cir. 2011) 654 F.3d 903, 907 ............................................. 3

*Pickern v. Best Western Timber Cove Lodge Marina Resort* (E.D. Cal. 2002) 194 F.Supp.2d 1128..................................................................................................................................8

*Safe Air for Everyone v. Meyer* (9th Cir. 2004) 373 F.3d 1035.......................................4

*Safe Air*, *supra*, 373 F.3d at 1039 ....................................................................................5

*Savage v. Glendale Union High School* (9th Cir. 2003) 343 F.3d 1036.....................4, 5

*Smith v Dulles* (D.C. 1956) 236 F.2d 739, 740-741 ........................................................2

*Societe de Conditionnement en Aluminum v. Hunter Engineering Co. Inc.* (9th Cir. 1981) 655 F.2d 938 .....................................................................................................................8

*St. Clair v. City of Chico* (9th Cir. 1989) 880 F.2d 199...................................................5

*Thompson v. McCombe* (9th Cir. 1996) 99 F.3d 352......................................................4

*Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.* (9th Cir.1979) 594 F.2d 730 .........4

*Topps Chewing Gum, Inc. v. Fleer Corp.* (2nd Cir. 1986) 799 F.2d 85 .........................8

*Tr. of Screen Actors Guild–Producers Pension & Health Plans v. NYCA, Inc.* (9th Cir. 2009) 572 F.3d 771 ....................................................................................................................4

*Twombly, supra,* 550 U.S. at 555.....................................................................................2

*U.S. v. State of Washington* (9th Cir. 1985) 759 F.2d 1353............................................8

*Walker v. Beard* (9th Cir. 2015) 789 F.3d 1125, 1131-1132.........................................7

**State Statutes**

Civil Code section 51........................................................................................................8

Civil Code section 54........................................................................................................8

**Federal Statutes**

Federal Rule of Civil Procedure, Rule 8 .....................................................................1, 2

28 USC § 2201..................................................................................................................7

42 USC § 12182................................................................................................................7

42 USC § 12205................................................................................................................9

# I. INTRODUCTION

Plaintiff, Cynthia Hopson's, Complaint is speculative and does not meet the pleading requirements as set forth in Federal Rule of Civil Procedure, Rule 8. Specifically, Plaintiff states that she uses a "mobility scooter or other wheeled devices" to complete her daily activities. (Document 1, ¶ 7.) However, Plaintiff does not specify which device she used on the date of the alleged visit which is of particular importance because she alleged that the slopes in the parking lot were "improper," which caused her difficulty. (Document 1, ¶ 16.) In order for Plaintiff to have standing to bring her claims, she must show that the alleged barrier relates to her particular disability. Here, if she was using a mobility scooter, traversing a slope would be significantly less difficult, if any difficulty existed at all, as she would merely be required to drive the scooter electronically. If that is the case, then Plaintiff would need to set forth the conditions which caused her difficulty and how that impacted her use of the mobility scooter. Defendants, J AND J HOLDINGS, LLC; TLWP INVESTMENTS, LP; SHANE S. ANDERSON, as an individual and as trustee of the Shane S. Anderson Declaration of Trust UDT October 28, 2014's ("Owner Defendants"), do not have sufficient information to learn how adequate relief can be provided without speculating as to the actual barrier encountered. Plaintiff's Complaint begs the questions: Did she use an electric mobility scooter eliminating any difficulty in traversing the parking lot? Or, was there a slight slope increase, which caused her difficulty because of her alleged disabilities and she could not manually propel herself over the slope while using a manual wheelchair? Plaintiff's allegations do not specify enough information so that adequate relief can be provided to her.

Regardless of which device she used on the date of her alleged visit, Plaintiff's claims are moot as they relate to the Owner Defendants, as Owner Defendants have permanently upgraded the premises so that it is technically compliant with the most recent version of the California Building Code, which meets or exceeds the accessibility requirements under the federal Americans with Disabilities Act Design Standards. (*Baskin v. Hughes Realty, Inc.* (2018) 25 Cal.App.5th 184, 192-192.) Therefore, there is no relief that the Court can provide to Plaintiff as it relates to Owner Defendants.

Lastly, as the lease entered into between Owner Defendants and Ross Stores, Inc., clearly delineates the scope of control to the premises, Owner Defendants request Declaratory Relief so as to limit the scope of their liability to Plaintiff, if any.

## II. ARGUMENT

### A. PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS PLAINTIFF'S COMPLAINT DOES NOT MEET THE PLEADING REQUIREMENTS OF F.R.C.P., RULE 8

Federal Rule of Civil Procedure, Rule 8[1] (a) provides, "A pleading that states a claim for relief must contain: … (2) a short and plain statement of the claim **showing that the pleader is entitled to relief**." (Emphasis added.) "It must appear that the claimant is entitled 'to judicial action in vindication of a right or in remedying a wrong," which includes the requirement of pleading facts to indicate the alleged wrong. (*Smith v Dulles* (D.C. 1956) 236 F.2d 739, 740-741.) All well-pleaded facts must be accepted as true; these facts must be allowed in favor of the plaintiff. (*Archuleta v. Wagner* (10th Cir. 2008) 523 F.3d 1278, 1281.) However, that acceptance hinges upon the premises that the facts are "well pleaded"; legal conclusions and conclusory allegations do not merit any deference. (*Ashcroft v. Iqbal* (2009) 556 U.S. 622, 678.) The court does not accept as true a legal conclusion couched as a factual allegation. (*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555.) The court need not, "swallow the plaintiff's invective hook, line, and sinker; bald assertions [and] unsupportable conclusions …need not be credited." (*Aulson v. Blanchard* (1st Cir. 1996) 83 F.3d 1, 3.)

The underlying requirement for a well-pleaded complaint is that it must give "fair notice" of the claim being asserted and the "grounds upon which it rests." (*Twombly, supra,* 550 U.S. at 555.) This requirement "serves to prevent costly discovery on claims with no underlying factual or legal basis." (*Migdal v. Rowe Price-Fleming, Int'l Inc.* (4th Cir. 2001) 248 F.3d 321, 328.) A complaint must do more than identify the statutes a defendant violated, it must also allege **what conduct violated those laws**. (*Anderson v. U.S. Department of Housing and Urban Development* (5th Cir. 2008) 554 F.3d 525, 528.)

---

[1] All future references to the Federal Rules of Civil Procedure will be identified as "Rule" unless otherwise specified.

## 1. The Complaint Does Not Specify How the Alleged Barriers Related to Plaintiff's Particular Disability

Standing is gauged by the specific common law, statutory, or constitutional claims that a party presents. Meaning, "whether **the particular plaintiff** is entitled to an adjudication of the **particular claims** asserted." (*Allen v. Wright* (1984) 468 U.S. 737, 752; abrogated on other grounds by *Lexmark Intern., Inc. v. Static Control Components, Inc.* (2014) 134 S.Ct. 1377.) (Emphasis added.) In order for a plaintiff to have standing to bring a claim under the Americans with Disabilities Act, the alleged barrier must relate to the plaintiff's particular disability and the specific plaintiff must have a "personal stake in the outcome of the controversy." (*Doran v. 7-Eleven, Inc.* (9th Cir. 2008) 524 F.3d 1034, 1044.) A plaintiff must specify, "how his disability was affected by any of the [alleged barriers] so as to deny him 'full and equal access.'" (*Oliver v. Ralphs Grocery Co.* (9th Cir. 2011) 654 F.3d 903, 907.) The failure to do so will render a complaint "jurisdictionally defective." (*Ibid.*)

Plaintiff alleged a list of disabilities that she allegedly suffers from but provides no information as to how the alleged barriers affected her disability in any way. Specifically, Plaintiff alleges that she encountered "improper slopes" within Owner Defendants' parking lot, yet she also alleges that she often used a "mobility scooter or other wheeled devices" to perform her daily activities. (Document 1, ¶¶ 1, 7, 16.) The Complaint is silent as to what kind of device she used on the date of her alleged visit which is important for Owner Defendants' to learn whether the slopes were "improper" because Plaintiff was caused difficulty in propelling herself through the parking lot because she used a manual wheelchair, rendering an upgrade to the parking lot necessary to provide full and equal access; or, whether Plaintiff used a "mobility scooter" (presumably electric, although the Complaint is silent), eliminating any difficulty because the scooter would be propelling Plaintiff without her exerting any physical effort. If the Plaintiff used a mobility scooter, her claim for relief would be eviscerated. The type of device used is imperative to learn what, if any, relief can be provided to Plaintiff, and therefore the Complaint does not meet the pleading requirements under Rule 8. Plaintiff's Complaint does not provide fair notice of the relief that can be provided.

Plaintiff's Complaint must be dismissed with prejudice because she does not specify a "concrete, particularized, actual [nor an] imminent" injury. (*Doran, supra,* 524 F.3d at 1041.)

### B. OWNER DEFENDANTS UPGRADED THE PREMISES SO THAT IT MEETS OR EXCEEDS THE FEDERAL ACCESSIBILITY DESIGN STANDARDS RENDERING PLAINTIFF'S COMPLAINT MOOT

A motion to dismiss for lack of subject matter jurisdiction determines whether the plaintiff has a right to be in federal court, whereas a motion to dismiss for failure to state a claim questions whether a cognizable legal claim has been stated. (*Tr. of Screen Actors Guild–Producers Pension & Health Plans v. NYCA, Inc.* (9th Cir. 2009) 572 F.3d 771, 775.) A federal court is a court of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and by Congress. (*Kokkonen v. Guardian Life Ins. Co.* (1994) 511 U.S. 375, 377.) Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. (*Thompson v. McCombe* (9th Cir. 1996) 99 F.3d 352, 353.) A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. (*Gen. Atomic Co. v. United Nuclear Corp.* (9th Cir. 1981) 655 F.2d 968, 968-69.)

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." (*Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.* (9th Cir.1979) 594 F.2d 730, 733.) "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." (*Safe Air for Everyone v. Meyer* (9th Cir. 2004) 373 F.3d 1035, 1039.) "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." (*Ibid.*)

In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint. (*Savage v. Glendale Union High School* (9th Cir. 2003) 343 F.3d 1036, 1039 n.2; *McCarthy v. United States* (9th Cir. 1988) 850 F.2d 558, 560.) "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish

affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." (*Savage, supra*, 343 F.3d at 1039-40, n.2.) In a speaking motion, "[t]he court **need not presume the truthfulness of the plaintiff's allegations**." (*Safe Air*, *supra*, 373 F.3d at 1039.) (Emphasis added.) Few procedural limitations exist in a factual challenge to a complaint's jurisdictional allegations. (*St. Clair v. City of Chico* (9th Cir. 1989) 880 F.2d 199, 200-202.)

"The doctrine of mootness arises from the 'case or controversy' requirement contained in Article III of the United States Constitution." (*Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo* (2d Cir. 1992) 981 F.2d 50, 58.)

> "Mootness can be characterized as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness). Mootness is a jurisdictional issue, and federal courts have **no jurisdiction to hear a case that is moot**, that is, where no actual or live controversy exists. If there is no longer a possibility that an applicant can obtain relief for his claim, that claim is moot and **must be dismissed** for lack of jurisdiction." (*Foster v. Carson* (9th Cir. 2003) 347 F.3d 742, 745.) (Emphasis added.)

The central question in analyzing whether a case becomes moot, "is whether there can be any effective relief." (*Moeller v. Taco Bell Corp* (N.D. Cal. 2011) 816 F.Supp.2d 831, 860.) Under the "voluntary cessation" doctrine, "it becomes the defendant's burden to demonstrate that 'subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." (*Moore v. Dollar Tree Stores, Inc.* (E.D. Cal. 2015) 85 F.Supp.3d 1176, 1187.) (Citation omitted.) "A defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." (*Oliver v. Ralphs Grocery Co.* (9th Cir. 2011) 645 F.3d 903, 905.) (Citation omitted.)

In *Bacon v. Walgreen Co.* (E.D.N.Y. 2015) 91 F.Supp.3d 446, the plaintiff claimed that he was injured at a Walgreens pharmacy because the security sensors were placed in a position that did not allow him the ability to navigate through them in his wheelchair. (*Id.* at 448-449.) Plaintiff alleged that the sensor placement violated the Americans with Disabilities Act, as well as related state law. (*Id.* at 449.) Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(1), as it had

voluntarily and permanently relocated the sensors by bolting them to the floor to comply with the ADA standards. (*Id*. at 449.) The Court reasoned:

> "The mootness doctrine stems from Article III of the Constitution, which grants the Judicial Brach authority over 'Cases' and 'Controversies.' (Citation.) As the Supreme Court has made clear, an 'actual controversy must exist not only at the time the complaint is filed, **but through all stages of the litigation**.' (Citation.) Accordingly, if the underlying dispute in a lawsuit is no longer 'live,' the case becomes moot, and the court will no longer **have authority to adjudicate the case**." (*Bacon v. Walgreen Co., supra,* 91 F.Supp.3d at 451.) (Emphasis added.)

After determining that, "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," the Court granted defendant's Motion to Dismiss. (*Id*. at 451-453.) "Once a defendant has remedied all ADA violations complained of by a plaintiff, the plaintiff's claims become moot and he or she loses standing, meaning the court no longer had subject matter jurisdiction over the ADA claims." (*Grove v. De La Cruz.* (C.D. Cal. 2005) 407 F.Supp.2d 1126, 1130-1131.)

The instant case is materially indistinguishable from *Bacon*. First, construction modifications Owner Defendants made to the property clearly obviates Plaintiff's claim for injunctive relief. Plaintiff can no longer seek an injunction for non-existent construction-related access barriers, as Owner Defendants have modified all alleged exterior barriers identified in the Complaint. (Declaration of Joseph Pickett ("Pickett Decl.") ¶¶ 1-9, Exhibits A - D.) Second, there is no reasonable likelihood that the access barriers alleged in the Complaint will recur, as the modifications were permanent and structural in nature. (*Ibid*.) Owner Defendants have ensured that the property meets California's current accessibility standards, which meet or exceed the federal accessibility design standards. (Pickett Decl. ¶ 9.)

In light of Owner Defendants' elimination of the alleged access-barriers for Plaintiff, regardless of what type of "wheeled device" she used on the date of the alleged visit, Plaintiff's claim for injunctive relief has "lost its character as a present, live controversy of the kind that must exist if the Court is to avoid advisory opinions on abstract propositions of law," exceeding its authority under Article III of the Constitution. (*Walker v. Beard* (9th Cir. 2015) 789 F.3d

1125, 1131-1132.) As it relates to Owner Defendants, Plaintiff's Complaint must be dismissed with prejudice.

## III. DECLARATORY RELIEF IS PROPER AS OWNER DEFENDANT DOES NOT CONTROL THE ENTIRE PREMISES SUBJECT TO THIS LAWSUIT

Owner Defendants seek declaratory relief against the Defendant, Ross Stores, Inc., ("Tenant Defendant"), to define the scope of the lease agreement, so as to delineate the scope of liability Owner Defendants have, if any, toward Plaintiff.

The Declaratory Judgment Act provides, "In a case of actual controversy within its jurisdiction, … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." (28 USC § 2201(a).) Declaratory relief is proper as under the Americans with Disabilities Act, as Owner Defendants and Tenant Defendant are jointly and severally liable for any alleged barrier to access for those areas that are **subject to a lease** for the operation of places of public accommodation. (42 USC § 12182(a).) However, here, as there Plaintiff's claims as to Owner Defendants are moot, they cannot be held responsible for the alleged barriers that allegedly reside outside the terms of the lease agreement with Tenant Defendant. To hold Owner Defendant responsible for the entire premises subject to this litigation, would unlawfully extend the arms of the Americans with Disabilities Act. The only areas which Owner Defendants have control are the common areas. (Pickett Decl. ¶¶ 1, 3.)

The common areas are outside of the actual controversy of whether Owner Defendants can be held responsible for the alleged access violations that are located within the exterior walls and interior of Tenant Defendant's leased space, which would contradict the express terms of the lease agreement. (Pickett Decl. ¶¶ 1, 3.)

A declaration by the Court as to which party can be held liable for those issues outside the leased premises, will allow Plaintiff to seek redress from the proper party(ies), and will save the improper party(ies) from the expense and time of defending against claims for which is not legally contracted to defend. (*Calderon v. Ashmus* (1998) 523 U.S. 740, 745.) "A declaratory

judgment need not resolve all the issues in controversy, as long as it resolves a significant disputed issue." (*U.S. v. State of Washington* (9th Cir. 1985) 759 F.2d 1353, 1364.) The meaning of terms within a contract is proper for declaratory relief as it will promote judicial efficiency by avoiding multiplicity of actions between the parties. (*Topps Chewing Gum, Inc. v. Fleer Corp.* (2nd Cir. 1986) 799 F.2d 851, 856; *Societe de Conditionnement en Aluminum v. Hunter Engineering Co. Inc.* (9th Cir. 1981) 655 F.2d 938, 943.)

Pursuant to the terms of the lease, Defendant has zero obligation to ensure that door pressure or the interior aisles comply with any accessibility requirements, as those elements of the leased premises fall squarely **<u>outside</u>** of Owner Defendants control. (Pickett Decl. ¶¶ 1, 3.) As such, declaratory relief is proper to delineate the scope of Defendant's legal responsibility, if any, to Plaintiff.

### IV. THE COURT SHOULD DECLINE TO RETAIN SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

Civil Code section 51(f) provides, "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." (*See also*, Civil Code section 54.) Plaintiff specifically incorporates all preceding paragraphs into her Second and Third Causes of Action under the Unruh Act and Disabled Persons Act, and are therefore wholly derivate thereof. (Document 1, ¶¶ 28-33.) Recognizing that there is a difference between relief available under a claim arising under the Americans with Disabilities Act and the relevant California accessibility statutes, *Pickern v. Best Western Timber Cove Lodge Marina Resort* (E.D. Cal. 2002) 194 F.Supp.2d 1128, 1133, held that absent a "showing of extraordinary or unusual circumstance" the court should decline exercising its discretionary supplemental jurisdiction. This is the first pleading which has been filed by any Defendant. While a dismissal may result in an inconvenience to Plaintiff, there cannot be said to be an extraordinary circumstance, to which this Court should retain supplemental jurisdiction over Plaintiff's state law claims.

///

///

## V. THE PRESENT CIRCUMSTANCES WARRANT THE ALLOWANCE FOR DEFENDANT'S RECOVERY OF HER ATTORNEYS' FEES AND COSTS.

According to 42 USC § 12205, in any action commenced under the Title 42, the Americans with Disabilities Act, the Court in its discretion may allow the prevailing party their attorneys' fees and costs. While it is acknowledged that recovery of a prevailing defendant's attorneys' fees and costs is the exception, the Court should grant defendant's recovery when plaintiff's "suit was totally unfounded, frivolous, or otherwise unreasonable or that plaintiff continued the litigation after it clearly became so." (*Bercovitch v. Baldwin* (1999) 191 F.3d 8, 11.)

Here, Plaintiff, as a serial litigant should know and understand the basic pleading requirements established by Rule 8. Plaintiff's factually devoid Complaint rendered it necessary for Owner Defendants' to incur the time and expense in filing this Motion. Plaintiff's conclusory allegations and ambiguity surrounding the particular circumstances of how the alleged barriers caused her difficulty, and the conspicuous silence about her mobility device, necessitated this Motion. Plaintiff should know that in order for her case to proceed, there must be a live case and controversy warranting relief, so that this Court could retain subject matter jurisdiction. Despite this knowledge, Plaintiff consciously disregarded basic pleading requirements, and Owner Defendants have been forced to continue to spend considerable time, money and effort defending against Plaintiff's Complaint. Should Owner Defendants' prevail, they respectfully request that the Court exercise its discretion and award their attorneys' fees and costs.

## VI. CONCLUSION

This Motion should be granted as the allegations in Plaintiff's Complaint do not comply with the pleading requirements under Rule 8, as it wholly speculative that Plaintiff is entitled to any relief. Alternatively, if the Court determines that the Complaint provided fair and adequate notice of Plaintiff's entitlement to relief, then the Motion to Dismiss should be granted as the Owner Defendants voluntarily remediated the exterior of the facility so that it complies with the strictest accessibility standards – the 2016 California Building Code. As Plaintiff knowingly and

9
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND FOR DECLARATORY RELIEF**

consciously disregarded basic pleading requirements, should Owner Defendants' prevail, they beg upon the Court's discretion to award their attorneys' fees and costs.

DATED: October 31, 2019

HATMAKER LAW GROUP
A Professional Corporation

By  */s/ Rachelle Taylor Golden*
RACHELLE TAYLOR GOLDEN
Attorney for Defendant,
MARIA DEL CARMEN PARRA PEREZ
dba LESLY'S GIFTS AND MORE

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND FOR DECLARATORY RELIEF**