DANIEL MALAKAUSKAS, *Cal. Bar No.:* 265903
MALAKAUSKAS LAW, APC
7345 South Durango Drive
Suite B-107-240
Las Vegas, NV 89113
Tel: 866-790-2242 / Fax: 888-802-2440
daniel@malakauskas.com

*Attorney for Plaintiff*: **Cynthia Hopson**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| **CYNTHIA HOPSON**, <br><br> Plaintiff, <br><br> v. <br><br> **ROSS STORES, INC.**, as an entity and doing business as "DD's Discounts", **J AND J HOLDINGS, L.L.C.**, **TLWP INVESTMENTS, LP**, **SHANE S. ANDERSON**, as an individual and as trustee of the Shane S. Anderson Declaration of Trust UDT October 28 2014, and DOES 1-50, Inclusive, <br><br> Defendants. | Case No.: 2:19-cv-1379-TLN-KJN <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES <u>IN OPPOSITION</u> TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(1)** <br><br> Date: December 6th, 2019. <br> Time: 10:00 a.m. <br> Courtroom: 8th Floor, Courtroom 25 <br><br> *Honorable Kendall J. Newman* |

## **INTRODUCTION**

Defendants' argue that the Case should be dismissed pursuant to Fed. R. Civ. §12(b)(1) because: 1) Plaintiff has failed to satisfy the pleadings requirements of Fed. R. Civ. P. §8, and 2) through alterations to the property the Case is moot.  Plaintiff rejects these arguments for the reasons stated below.

## PROCEDURAL HISTORY

Plaintiff filed her Complaint on July 22nd, 2019. (Doc. No. 1). On November 1st, 2019, Defendant, ROSS STORES, INC., filed their Answer. (Doc. 16). On November 1st, 2019, Defendants, J AND J HOLDINGS, L.L.C., TLWP INVESTMENTS, LP, SHANE A. ANDERSON, filed their Motion to Dismiss. (Doc. No. 18). On November 4th, 2019, Defendants, J AND J HOLDINGS, L.L.C., TLWP INVESTMENTS, LP, SHANE A. ANDERSON, filed their Amended Notice of Motion to Dismiss. (Doc. No. 19). On November 5th, 2019, the Court on its own Motion rescheduled the Hearing for December 6th, 2019. (Doc. No. 20). On November 22nd, 2019, Plaintiff and Defendant, ROSS STORES, INC., filed a Stipulated Dismissal. (Doc. No. 23). On November 22nd, 2019, Plaintiff filed her First Amended Complaint (hereafter, "FAC"). (Doc. No. 24).

## FACTUAL HISTORY

Mrs. Hopson is a Special Education teacher who was disabled by her medical conditions: Mrs. Hopson is a Special Education teacher who was disabled by her medical conditions: 1) Degenerative Scoliosis; 2) Spinal Stenosis; 3) Osteoarthritis; 4) Osteoporosis; 5) Tendinopathy; and 6) Degenerative Facets. (Doc. No. 1, ¶1). Due to Mrs. Hopson's multiple disabilities and medical conditions Mrs. Hopson is confined to using a mobility scooter or other wheel devices for mobility. (Doc. No. 1, ¶1). In December 2018, Ms. Hopson was denied the full and equal access to a public accommodation located at 520 South Cherokee Lane, Lodi, CA 95240. (Doc. No. 1, ¶2). Ms. Hopson had a difficult time when visiting the establishment as the alleged accessible parking stalls and alleged access aisles had improper slopes making it more difficult for Ms. Hopson to use her wheeled device. (Doc. No. 1, ¶16). In addition, the entrance door was heavy making it more difficult to open in her wheeled device. (Doc. No. 1, ¶16).

**LEGAL ARGUMENT**

**I.     PLAINTIFF HAS MET HER PLEADING REQUIREMENT**

Defendants unpersuasively argue that Plaintiff has not met her pleading requirement under Fed. R. Civ. P. §8.  Specifically, Defendants argue that because Plaintiff often uses a "mobility scooter or other wheeled device" that Plaintiff would not be effected by the improper slopes at Defendants' property. (Doc. No. 18-2, pg. 7, lines 14-20).  Defendants therefore argue that Plaintiff must explain how using, mounting, deploying, or operating a wheeled device on an improper slope could affect the Plaintiff.  However, Fed. R. Civ. P. §8(a)(2) only requires a short and plain statement of the claim showing the pleader is entitled to relief.  ("A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that Defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  Plaintiff has satisfied this burden.

In addition, Defendants do not address at all that Plaintiff has also alleged that the entrance door was heavy making it more difficult to open in her wheeled device. (Doc. No. 1, ¶16).  Therefore, even if Plaintiff's first assertion does not satisfy Fed. R. Civ. P. §8(a)(2), Plaintiff's second assertion surely did.  Defendants will argue that the door was the responsibility of the tenant, however, that argument is without merit, especially, at the pleadings stage. ("A customer should not have to obtain a copy of the lease and other contracts to determine who is the proper defendant."  Emerick v Kahala L&L, Inc., 2000 U.S. Dist. Lexis 7374 (D. Haw. May 16, 2000) *quoting* Independent Living Resources v. Oregon Arena Corporation, 982 F. Supp. 698, 768 (D. Or. 1997)).  "The ADA imposes concurrent obligations on landlords and tenants, and provides that a landowner, as an owner of property, remains liable for ADA compliance even on property leased to, and controlled by, a tenant.  A landlord cannot contract

away its responsibility under the ADA." Moore v. Chase, Inc., 2016 U.S. Dist. Lexis 28951, at *40 (E.D. Cal. Mar. 4, 2016 (citations omitted))

## II. DEFENDANTS' ALTERATIONS TO THE PROPERTY HAVE NOT MADE THE COMPLAINT MOOT

Whether a plaintiff's ADA claim is moot, only occurs when the defense satisfies its "heavy burden" of persuading the court that the challenged conduct cannot reasonably be expected to start up again. Friends of the Earth Inc., v. Laidlaw Environmental Serivces (TOC), Inc., 528 U.S. 167 (2000) at 189, quoting United States v. Concentrated Phosphate Export Assn., Inc., 393 U.S. 199, 203 (1968); Adarand Constructors, Inc. v. Slater, 528 U.S. 216, 222 (2000) (quoting same) (defendant must show that it is "absolutely clear that the alleged wrongful behavior could not reasonably be expected to occur."); City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289, n. 10 (1982) (quoting same.) Specifically, Defendants must prove that its facility absolutely has no more barriers, or that Hopson absolutely would not encounter them. Laidlaw, 528 U.S. at 189; Adarand, 528 U.S. 222; Mesquite, 455 U.S. at 289, n.10, *citing* United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953), and United States v. Trans-Missouri Freigh Association, 166 U.S. 290 (1897) and Concentrated Phosphate, 393 U.S. at 203. This "heavy burden" applies to both barriers Hopson has encountered and any unencountered barriers related to her disability. Chapman v. Pier 1 Imports (U.S.), Inc., 631 F. 3d 939, 944, 950-951 (9th Cir. 2011) ( "we now clarify that when an ADA plaintiff has suffered an injury-in-fact by encountering a barrier…due to his particular disability, he has the standing to sue for injunctive relief as to that barrier and other barriers related to his disability.") quoting Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1042 (9th Cir. 2008)("an ADA plaintiff who has Article III standing as a result of at

least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability").

Defendants argue that the alterations conducted by Joseph Pickett at the Property satisfy this burden as they "clearly [obviate]" Plaintiff's claim for injunctive relief. (Doc. No. 18-2, pg. 10, lines 14-18). However, Plaintiff sued Defendants not only to remove the barriers to access as alleged in the complaint but also to "…institute a policy to enable Plaintiff to use services" and "maintain their facilities." (Doc. No. 1, pg. 9 ¶1, pg. 10, ¶2).

Regardless, in this case Defendants have satisfied neither. Defendants have not successfully removed all of the barriers in the Complaint (or the barriers filed in the subsequent First Amended Complaint) or shown any proof that they have enacted any policies in the future to ensure access. Defendants cannot argue that the case is therefore moot.

Defendants have failed to provide "an accessible route within the site from the accessible parking spaces and public streets and sidewalks to the accessible building or facility entrance they serve" or provide "proper unauthorized vehicle signage" as originally complained of in the initial complaint.[1] (See Declaration of Vaughan, ¶8).

In addition, while examining the photographs submitted by Joseph Pickett, and conducting a review of the property, Expert Jason Vaughan noticed several more barriers. (See Declaration of Vaughan, ¶¶8-17). These barriers were added in the First Amended Complaint. (Doc. No. 24). Since the First Amended Complaint was only filed the date of this filing, Defendant has obviously not removed these barriers. (Doc. No. 24).

---

[1] Expert Jason Vaughan was unable to determine whether the parking spaces slopes and access aisles still exceed two percent (2%) after the alterations and would have to conduct a site inspection to make such a determination.

Furthermore, Defendants have shown no evidence that they have enacted policies or procedures to ensure that their property is compliant.  Any submission by Defendants now of any policies or procedures will be unpersuasive as the Property was not and continues not to be complaint with access laws. ("Ongoing history of not following its own stated…procedures ma[kes] necessary an injunction." Moeller v. Taco Bell Corp., 816 F. Supp., 2d 831 (N.D. Cal. 2011) citing United States v. Laerdal Mfg. Corp., 73 F.3d 852, 857 (9th Cir. 1995)).

Finally, this Court hould not even consider the evidence present by Defense as the declaration of Joseph Pickett is inadmissible as Joseph Pickett is not qualified to be an expert witness under 28 U.S.C. §702.  (<u>See</u> Objection to Declaration of Joseph Pickett).

### III.   DECLARATORY RELIEF IS IRRELEVANT AS CO-DEFENDANT HAS BEEN DISMISSED.

Although not geared towards Plaintiff, Defendants argue for Declaratory Relief against Co-Defendant, Ross Stores, Inc.  As Plaintiff and Ross Stores, Inc., have entered into a stipulated dismissal, which includes the barriers under Ross Stores, Inc.'s control, such a matter is moot.  (Doc. No. 23).

### IV.   THIS COURT SHOULD RETAIN SUPPLEMENTAL JURSIDICTION AS A VIOLATION OF FEDERAL LAW IS AUTOMATICALLY A VIOLATION OF STATE LAW

Plaintiff's state law claims are based upon the Unruh Act (Cal. Civ. Code §51(f)) and the California Disabled Person's Act (Cal. Civ. Code §54(c)).  Both Cal. Civ. Code §51(f) and Cal. Civ. Code §54(c) provide that "a violation of the right of any individual under the Americans with Disabilities Act…also constitutes a violation of [them]."

Therefore, a violation of Plaintiff's federal law claims will automatically constitute a violation of Plaintiff's state law claims. For this reason, the court should retain supplemental jurisdiction as the analysis will not burden the Court as the Court will simply have to analyze Plaintiff's federal law claims. To the extent that Plaintiff no longer has any federal law claims, Plaintiff would be agreeable to dismissing Plaintiff's state law claims given the heavy docket load of the Eastern District.

## V.    IRONICALLY, DEFENDANTS' REQUEST FOR ATTORNEY FEES IS TOTALLY UNFOUNDED, FRIVOLOUS AND UNREASONABLE

Defendants ask the Court to award Defendants attorney fees against Plaintiff pursuant to 42 U.S.C. §12205. Although Defendants concede that awarding Defendants attorney fees is the exception under 42 U.S.C. §12205, Defendants argue that Plaintiff's "suit was totally unfounded, frivolous, or otherwise unreasonable…" because Plaintiff is a serial litigant whose "factually devoid Complaint rendered it necessary…to incur the time and expense of filing [the] Motion." (Doc. No. 18-2, pg 9, lines 6-13, *citing* Bercovitch v. Baldwin, 191 F.3d 8, 11 (1999)).

Ironically, Defendants argument for attorney fees is itself, "totally unfounded" "frivolous" and "unreasonable." First, Defendants never attempted to meet and confer with Plaintiff regarding their Motion to Dismiss nor even to discuss any of the alleged deficiencies in the pleadings. (See *Declaration of Malakauskas*, ¶¶7-8). If Defendants were attempting to save "time" and "expense" then filing a Motion without any discussion with Plaintiff is not the best way to do it.

Secondly, it seems odd that Defendants believe the case was "total unfounded" and "frivolous" while also boasting that they "upgraded" the accessible parking stalls, the path of travel from the parking stalls to the entrance" and the "curb ramp at the front entrance" which are some of the items Plaintiff complained of in her Complaint. (Doc. No. 18-1, pg. 3, ¶4; Doc. No. 1, pg. 7, ¶25(b)&(d)).

Therefore, Plaintiff requests that this Honorable Court deny Defendants' frivolous request.

## **CONCLUSION:**

For the aforementioned reasons, Plaintiff respectfully requests that this Court deny Defendants Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1).


Dated: November 22nd, 2019                    /s/ *Daniel Malakauskas*
                                              By: DANIEL MALAKAUSKAS
                                              Attorney for PLAINTIFF
                                              CYNTHIA HOPSON