SUSAN K. HATMAKER 172543
RACHELLE TAYLOR GOLEN 295385
**HATMAKER LAW GROUP**
A Professional Corporation
7522 N. Colonial Avenue, Suite 105
Fresno, California 93711
Telephone: (559) 374-0077
Facsimile:  (559) 374-0078

ATTORNEYS FOR Defendants: J AND J HOLDINGS, LLC;
TLWP INVESTMENTS, LP; and SHANE S. ANDERSON,
individually and as Trustee

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

\* \* \*

| | |
|---|---|
| CYNTHINA HOPSON, | NO. 2:19-cv-01379-TLN-KJN |
| Plaintiff, | **DEFENDANTS, J AND J HOLDINGS, LLC; TLWP INVESTMENTS, LP; SHANE S. ANDERSON, as an individual, and as Trustee of the Shane S. Anderson Declaration of Trust UDT October 28, 2014's, REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS UNDER F.R.C.P. 12(b)(1) AS TO PLAINTIFF'S COMPLAINT; MOTION FOR DECLARATORY RELIEF AGAINST DEFENDANT ROSS STORES, INC.** |
| vs. | |
| ROSS STORES, INC., as an entity and doing business as "DD's Discounts"; J AND J HOLDINGS, LLC; TLWP INVESTMENTS, LP; SHANE S. ANDERSON, as an individual and as trustee of the Shane S. Anderson Declaration of Trust UDT October 28, 2014; and DOES 1-50, Inclusive, | |
| Defendants. | Date: **December 6**, 2019<br>Time:   10:00 a.m.<br>Courtroom:  8th Floor, Courtroom 25<br><br>Judge: Honorable Kendall J. Newman |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND FOR DECLARATORY RELIEF**

# I. PLAINTIFF'S FIRST AMENDED COMPLAINT SHOULD NOT MOOT DEFENDANTS' MOTION TO DISMISS AS IT HAS NOT MATERIALLY CHANGED FROM THE ORIGINAL COMPLAINT

Plaintiff's First Amended Complaint should be treated as a "proposed" amended Complaint as the amended complaint fails to cure the defects of the original complaint.[1] Plaintiff's Complaint and First Amended Complaint are nearly identical. Specifically, Plaintiff states that she used "a mobility scooter or other wheel devices," and her First Amended Complaint alleges the same. (Document 1 at ¶1:6-7; Document 24 at ¶1:5-6.) Plaintiff's Complaint alleged that in December of 2018 she desired to go to "DD's Discounts" as does her First Amended Complaint. (Document 1 at ¶14:27-28; Document 24 at ¶13:22-23.) Plaintiff's Complaint alleged that "Ms. Hopson had a difficult time when visiting the establishment as the alleged accessible parking stalls and alleged access aisles had improper slopes making it more difficult for Ms. Hopson to use her wheeled device. In addition, the entrance door was heavy making it more difficult to open in her "wheeled device" as does her First Amended Complaint. (Document 1 at ¶16"6-10; Document 24 at ¶15:2-6.) Lastly, the alleged barriers parking lot violations in the Complaint are also listed in her First Amended Complaint, only with the addition of "one or more of the alleged accessible parking spaces has a length that is less than eighteen feet" and "one or more access aisles do not extend to the fully required length of the parking spaces they serve." (Document 1 at ¶25; Document 24 at ¶26.)

The remarkable similarity between the Complaint and the First Amended Complaint should not be ignored. Especially in light of the fact that Plaintiff's "expert" clearly states that he was, "unable to conduct an entire property evaluation including using all tools and devices necessary to ensure proper compliance." (Document 25-3, ¶ 6.) Plaintiff has not satisfied her

---

[1] The Eastern District has a long-standing practice of hearing a Motion to Dismiss even when an amended complaint is file and which does not cure the prior insufficient pleading. (*Earls v. City of Clovis*, No. CVF060305 AWI SMS, 2006 WL 1222696, at *1 (E.D. Cal. May 4, 2006); *RLI Ins. Co. v. R & L Brosamer, Inc.*, No. S-05-2238 WBSGGH, 2006 WL 194109, at *1 n.2 (E.D. Cal. Jan. 18, 2006); *Appleton v. Cty. of Sacramento*, No. CIV. S-05-1685WBSKJM, 2005 WL 3555470, at *5 (E.D. Cal. Dec. 23, 2005); *Allen v. White*, No. CIVS-04-0622FCDGGHP, 2005 WL 1836933, at *1 (E.D. Cal. July 29, 2005). The 9th Circuit utilizes the same practice. (*See Fitzgerald v. State* No. Civ. 96-2007, 1997 WL 579193 at *3 (D.Ariz. July 9, 1997) *aff'd sub nom. Fitzgerald v. Ariz.*, 133 F.3d 926 (9th Cir. 1997).

burden showing sufficient contrary evidence that the upgrades performed were not in compliance with the California Building Code **which are more stringent than the design requirements in the Americans with Disabilities Act Design Standards.** (*See Moeller v. Taco Bell* (2011) 816 F.Supp.2d 831, 867 ["Where California access standards provide greater accessibility than the ADA, the California standards control]; *Basking v. Hughes Realty, Inc.* (2018) 25 Cal.App.5th 184, 193 ["By statute, the CBSC standards relating to access for disabled persons may not be less stringent than the corresponding ADA standards."].)

Therefore, the First Amended Complaint does not moot Defendants' Motion to Dismiss, and should be heard.

### A. PLAINTIFF'S FIRST AMENDED COMPLAINT CONTINUES TO BE VAGUE AND UNINTELLIGIBLE SO THAT THE COURT IS STILL WITHOUT FACTS SUFFICIENT TO SATISFIY F.R.C.P., RULE 8

Plaintiff's First Amended Complaint still does not specify which type of wheeled device she used on the date of the alleged visit. The fact that this issue was not rectified in the First Amended Complaint is telling. Plaintiff should have no problem stating specifically what "wheeled device" she was using on the date of the alleged visit and how the alleged barrier she encountered caused her harm. The fact that Plaintiff refuses to set forth sufficient facts to support her claims fails to provide Defendants "fair notice" of the claim being asserted and the "grounds upon which it rests." (*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555.) Plaintiff cites to *Ashcroft v. Iqbal* (2009) 129 S.Ct. 1937, for the proposition that "facial plausibility" is all that is required. Such a narrow reading is in error.

> "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' (Citation.) Nor does a complaint suffice if it tenders 'naked assertions' devoid of '**further factual enhancement**.' To survive a motion to dismiss, a complaint **must contain sufficient factual matter**, accepted as true, to state a claim to relief that is plausible on its face.' (Citation.) A claim has facial plausibility when the plaintiff pleads **factual content that allows the court to draw the <u>reasonable</u> inference that the defendant is liable for the misconduct alleged.** (Citation.) The plausibility standard is not akin to a 'probability requirement,' but it asks for **more** than a sheer possibility that a defendant has acted unlawfully.'" (*Id*. at 678.) (Emphasis added.)

Here, Plaintiff's First Amended Complaint adds no additional facts to clarify the relief being sought. The only additional "facts" are that **a third-party**, Jason Vaughan, "conducted a

brief cursory review of the Property," and "found additional barriers that apply to Ms. Hopson's disability." (Document 24 at ¶ 17:13-16.) The only instance in which a third-party can claim discrimination on behalf of a person with a disability is under an "associational" theory of liability, which is not before us. (*See* California Civil Code § 52(e)(6).) Mr. Vaughan's alleged findings (which Defendants wholly dispute) cannot be a substitute for an "injury [which] must affect the plaintiff in a **personal and individual way**. In the context of the ADA, we understand that to mean that **[plaintiff] must [her]self** suffer an injury as a result of the [defendant's] noncompliance with the ADA." (*Pickern v. Holiday Quality Foods, Inc.* (9th Cir. 2002) 293 F.3d. 1133, 1137.) (Emphasis added.) Plaintiff's desire to have the additional items remediated does not amount to a barrier to access which caused or will cause harm to her. (Document 24 at ¶ 17:16-17["Ms. Hopson would **like** those additional barriers remedied and has included them in this First Amended Complaint"].)

There is simply no nexus between Mr. Vaughan's unlawful and incomplete findings and any harm alleged by Plaintiff.[2] Furthermore, Plaintiff's First Amended Complaint does not resolve the fact that she continues to outright refuse to specify whether she used an electric or manual "wheeled device." As stated in the Memorandum, this is relevant information so that Defendants and the Court can determine how the property can be upgraded so as to eliminate alleged barriers applicable to Plaintiff's disability. Additionally, the First Amended Complaint is silent as to whether or not Plaintiff drove to the facility. If Plaintiff drove, then having an "accessible route…within the site from…public streets and sidewalks…to the accessible building or facility entrance" is not connected to her disability because she would have driven to the facility thereby eliminating any need from a pathway from the public sidewalk to the entrance. (Document 24 at ¶26(b).) Providing any such accessible route from the public sidewalk would provide no relief for Plaintiff who must suffer "imminent injury." (*Pickern, supra,* 293 F.3d. at 1138.)

---

[2] See Defendants' Objection to Mr. Vaughan's declaration filed concurrently herewith.

These are simple facts that should be able to be clearly and adequately pled so as to give fair notice to the Defendants. The fact that the First Amended Complaint is silent reveals that the "additional barriers" simply do not relate to Plaintiff's disability. (*See Moeller v. Taco Bell Corp.* (N.D. Cal. 2011) 816 F.Supp.2d 831 [ "there [must be] a **causal link** between the injury and the conduct of which the plaintiff complains – that is, that the injury is 'fairly traceable' to the challenged conduct; and that the injury is 'likely' to be 'redressed by a favorable decision.'"; *see also, Chapman v. Pier 1 Imports (U.S.) Inc.* (9th Cir. 2011) 631, F.3d 939, 947.].) (Emphasis added.) "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief … if unaccompanied by a continuing, present adverse effects." (*City of Los Angeles v. Lyons* (1983) 461 U.S. 95, 111.)

As pled, there is simply no mention as to how any barrier alleged in the First Amended Complaint related to her specific disability. Just because Plaintiff alleges that there are technical accessibility violations does not elevate her claim to a ripe "case and controversy" as she still must allege that the violation constituted a barrier to her because of her disability. (*Lujan v. Defenders of Wildlife* (1992) 504 U.S. 555, 560-561; *Doe v. National Board of Medical Examiners* (1999) 199 F.3d 146, 153 [The proper analysis of standing focuses on whether the plaintiff suffered an actual injury, not on whether a statute was violated."])

## II. THE SAME PRIMARY RIGHT HAS ALREADY BEEN SETTLED AND DISMISSED WITH PREJUDICE

Plaintiff and Defendant, Ross Stores, Inc., filed a "Stipulated Dismissal with Prejudice." (Document 23.) "It is clearly established that a party may not split up a single cause of action and make it the basis of separate suits, and in each case the first action may be pleaded in abatement of any subsequent suit on the same claim." (*Wulfjen v. Dolton* (1994) 24 Cal.2d 891, 894.) "The rule **against** splitting **a cause of action** is based upon two reasons: (1) that the defendant should be protected against vexatious litigation; and (2) that it is against public policy to permit litigants to consume the time of the courts by relitigating matters already judicially determined, or by asserting claims which properly should have been settled in some prior action." (*Ibid.*) "If two actions involve the same injury to the plaintiff and the same wrong by

the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms or relief and/or adds new facts supporting recovery." (*United States ex rel. Hyatt v. Mirza* (E.D. Cal. 2018) 2018 WL 6653319, *3.) "The primary right is simply the plaintiff's right to be free from the particular injury suffered." (*Ibid*. at *4.)

Here, Plaintiff is speaking out of both sides of her mouth. Plaintiff appears to claim that there is joint and several liability for all alleged barriers - interior and exterior - yet she also attempts to split her causes of action to seek double recovery from these Defendants which could have properly been resolved with Defendant, Ross Stores Inc. To support her argument of joint and several liability, Plaintiff relies on *Moore v. Chase, Inc.:* "The ADA imposes concurrent obligations on landlords and tenant, and provides that a landowner, as an owner of property, remains liable for ADA compliance even on property leased to, and controlled by, a tenant. A landlord cannot contract away its responsibility under the ADA." (Opposition at pg. 3:25-4:2.) Yet, Plaintiff is seeking to have two bites at the apple by splitting her First, Second and Third cause of action between Defendants and Ross Stores, Inc.

In Plaintiff's original Complaint, all three causes of action are pled against all Defendants, collectively. Plaintiff specifically chose not to split the any cause of action as to any one individual Defendant in her Complaint (Document 1.) Plaintiff and Defendant, Ross Stores, settled Plaintiff's claims presumably under all three causes of action. (Document 23.) Plaintiff's First Amended Complaint solely against Defendants is precisely the type of "claim splitting" that *Wulfjen* and *United States ex rel. Hyatt* prohibit. These Defendants were included in the prior Complaint, and Plaintiff alleged alleged that there were issues with the parking lot as well as the front entrance door and alleged both Defendants and Ross were responsible under the Americans with Disabilities Act, Unruh Act and the Disabled Persons Act. Plaintiff specifically chose to seek settlement with Ross who by Plaintiff's admission had "concurrent obligations" with landlord. "Whatever her ground of recovery might be for this single wrong, she was bound to frame her complaint in prior action so as to avail herself to whatever relief the controlling set of facts would warrant and so meet any possible developments in the presentation of the

evidence." (*Wulfjen, supra,* 24 Cal.2d at 895.) "The customer should be able to bring an action, and let the tenant and landlord fight among themselves over who is responsible to pay for any required improvements." (*Independent Living Resources v. Oregon Arena Corp.* (1997) 982 F.Supp.689, 768.) The Department of Justice agrees that "the allocation of responsibility is effective only as between landlord and tenant, but not with respect to third parties such as customers." (*Ibid*. at fn. 94.)

As Plaintiff's alleged harm resulted from one indivisible injury, by settlement, her injury has been adequately redressed.

1. **Alternatively, Declaratory Relief is Still Proper as Plaintiff Waived her Claim by Choosing to Settle Her Claims Relating to the Front Entrance Door Pressure.**

Plaintiff was made aware that the lease between these Defendants and Ross Stores, Inc., delineated that Ross Stores, Inc. had control over the exterior walls. "I understand that per the terms of the lease the Tenant has sole control over the exterior walls and the interior of the Leased Premises." (*See* Pickett Decl. ¶ 3.) Therefore, by not including the door pressure, which is necessarily located at the door of the front entrance, Plaintiff has waived her right to seek a remedy to address that claim. Although Defendants have not received a copy of the settlement agreement, it is presumed that Plaintiff released all claims known and unknown that may have caused her injury or harm. (Golden Decl. ¶¶ 1-2.) Plaintiff states in her opposition that, "As Plaintiff and Ross Stores, Inc., have entered into a stipulated dismissal, which include the barriers under Ross Stores, Inc.'s control, such a matter is moot." (Opposition at pg. 6:17-18.) Plaintiff clearly and unequivocally waived the claim regarding the door pressure and cannot seek redress from these Defendants.

### III. THE CASP PROGRAM IS STRICTLY A STATE PROGRAM AND THEREFORE MR. PICKETT QUALIFIES AS A PERSON WITH KNOWLEDGE WHO CAN TESTIFY

The Certified Access Specialist ("CASp") program is a product of the California Civil Code, beginning with section 55.52. It makes no difference that Mr. Pickett is not a CASp because he qualifies as an expert under Federal Rule of Evidence section 702 as he clearly

stated his educational background, that he is licensed as a General Contractor under the state of California and that he is familiar with and responsible to ensure that new construction, alterations and modifications are built to meet the applicable California Building Code. (Pickett Decl. ¶ 2.) Furthermore, Mr. Pickett described that a two-foot digital level was used to scale the slopes leading up to DD's. (Pickett Decl. ¶ 4 at pg. 3:3-6.) Mr. Pickett clearly has enough experience and specialized knowledge with the state design standards to testify as an expert.

## IV.  CONCLUSION

This Motion should be granted as the allegations in Plaintiff's Complaint nor the First Amended Complaint comply with the pleading requirements under Rule 8, as it remains that Plaintiff's theory of liability is speculative that she is entitled to any relief. Plaintiff has already redressed the same primary right as alleged in the First Amended Complaint by way of settlement with Ross Stores, Inc. Alternatively, Defendants successfully remediated all allegations against them and Plaintiff's incomplete "cursory review" of the premises does not meet her burden of proof. As Plaintiff continues to knowingly and consciously disregard basic pleading requirements, should Owner Defendants' prevail, they beg upon the Court's discretion to award their attorneys' fees and costs.

DATED: November 27, 2019
                                        HATMAKER LAW GROUP
                                        A Professional Corporation

                                        By  */s/ Rachelle Taylor Golden*
                                            RACHELLE TAYLOR GOLDEN
                                            Attorney for Defendant,
                                            MARIA DEL CARMEN PARRA PEREZ
                                            dba LESLY'S GIFTS AND MORE