UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON, | No. 2:19-cv-01379-KJN |
| Plaintiff, | |
| v. | ORDER |
| ROSS STORES, INC., et al., | (ECF No. 18) |
| Defendants. | |

Presently before the court is defendants' motion to dismiss, for declaratory relief, and for attorneys' fees. (ECF No. 18.) The issues have been fully briefed and the court held a hearing on the motion on December 6, 2019. For the following reasons the court: (1) denies defendants' motion in its entirety; and (2) stays the proceedings for the parties to complete a site inspection and submit to the court's Voluntary Dispute Resolution Program (VDRP), as jointly agreed to by the parties at the hearing.

**BACKGROUND**

Generally, plaintiff's complaint alleges that plaintiff, who uses a scooter for daily activities, attempted to buy products from DD's Discounts[1] at 520 S. Cherokee Lane, Lodi CA. (ECF No. 1 at 2, 4). While in the parking lot plaintiff asserts she encountered "alleged accessible

---

[1] According to the complaint, DD's Discounts is operated by defendant Ross Stores, Inc. (ECF No. 1 at 3.)

1

parking stalls and alleged access aisles" with "improper slopes making it more difficult for [plaintiff] to use her wheeled device." (Id. at 5.) Plaintiff also alleges she encountered an entry door that was difficult to open in her wheeled device due to the door's weight. (Id.) Plaintiff claims she wishes to patronize the business in the future, but due to the barriers mentioned above she cannot. (Id.) Plaintiff's first amended complaint is substantially similar, but includes the following additional barriers: unauthorized vehicle signage, an inaccessible route, inaccessible parking spaces, and inaccessible parking access aisles. (ECF No. 24 at 7-8.)

After defendants filed their motion to dismiss, plaintiff and defendant Ross Stores, Inc. entered into a settlement agreement, dismissing Ross Stores from the present action. (ECF No. 23.) The remaining defendants, J and J Holdings, LLC, TLWP Investments, LP, and Shane Anderson, are the landlord-owners of the property in question. (ECF No. 18-2 at 5.)

**DISCUSSION**

**I.     Motion to Dismiss**

Defendants move to dismiss on two grounds: (1) that the complaint does not comply with the pleading requirements of Rule 8; and (2) that defendants have "upgraded" the parking lot since the visit described in plaintiff's complaint, mooting her ADA claim.

Federal Rules of Civil Procedure 12(b)(1) allows for a motion to dismiss based on lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. K2 Am. Corp. v. Roland Oil & Gas, 653 F.3d 1024, 1027 (9th Cir. 2011). Limits upon federal jurisdiction must not be disregarded or evaded. Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); K2 Am., 653 F.3d at 1027.

Rule 12(b)(1) motions may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. See Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014); Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the court

determines whether the factual allegations are sufficient to invoke the court's subject matter jurisdiction. See Leite, 392 F.3d at 362; Meyer, 373 F.3d at 1039. When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Meyer, 373 F.3d at 1039. The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. Wood v. City of San Diego, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011). The plaintiff must show by a preponderance of the evidence each requirement for subject-matter jurisdiction, and as long as the dispute is not intertwined an element of the plaintiff's cause of action, the court may resolve any factual disputes itself. Leite, 749 F.3d at 1121.

**Plaintiff's complaint states a claim for relief**

Defendants' first point asserts the complaint does not put them on notice of the claims being asserted and the grounds upon which the claims rest. Defendants argue that plaintiff failed to allege how the barriers "affected her disability in any way." (ECF No. 18-2 at 7.) Defendants also take issue with the complaint being silent about what type of device plaintiff used on the date in question. They argue that if plaintiff is using a "mobility scooter, her claim for relief would be eviscerated." (Id.)

In Oliver v. Ralphs Grocery Co., 654 F.3d 903 (9th Cir. 2011), the Ninth Circuit addressed the standing requirements for ADA cases. The court noted that a complaint does not allege an injury in fact by merely including a list of barriers without identifying which barriers an ADA plaintiff encountered. Id. at 907. Thus, if a plaintiff only lists barriers but does not "explain how his disability was affected by [any of] them so as to deny him full and equal access . . . [plaintiff's] complaint [is] jurisdictionally defective." Id. (internal citations and quotations omitted).

Here, defendants' arguments are better addressed on a motion for summary judgment. Plaintiff's complaint sufficiently puts defendants on notice of her claims: that the incline was too steep, the door was too heavy, and the numerous allegations in plaintiff's amended complaint. The complaint specifically states that plaintiff "personally encountered" the barriers alleged.

3

(ECF No. 24 at 4-5.) Thus, plaintiff, who is required to use a mobility scooter due to her disability, has sufficiently named the barriers and shown how they prevented her from having full access to the store as a result of her disability. See Oliver, 654 F.3d at 907. What type of device plaintiff used may be relevant to whether plaintiff was sufficiently hindered but has little effect on whether plaintiff has pleaded facts sufficient to put defendants on notice of her claims. Accordingly, the court denies this point.

**Plaintiff's ADA cause of action is not moot at this stage**

Next, defendants argue that because they have upgraded the premises plaintiff's ADA count is moot, and as a result the court should not exercise supplemental jurisdiction over plaintiff's state-law claims. Defendants are essentially making a factual attack on the complaint. At the present procedural posture defendants' alleged remedial measures do not moot plaintiff's ADA claim.

Courts are disinclined to declare a case moot based on a defendant's voluntary cessation of a challenged activity, Am. Cargo Transp., Inc. v. United States, 625 F.3d 1176, 1179 (9th Cir. 2010), and in ADA cases courts are reluctant to dismiss a complaint without affording plaintiff the opportunity for discovery, see Johnson v. Hernandez, 69 F. Supp. 3d 1030, 1035 (E.D. Cal. 2014) (declining to convert a 12(b) motion to dismiss to one for summary judgment where jurisdictional inquiry was fundamentally intertwined with the merits of plaintiff's claim and plaintiff had not yet conducted discovery); Johnson v. Jacobs, 2015 WL 1607986, at *4 (E.D. Cal. Apr. 9, 2015) (same); Johnson v. Conrad, 2014 WL 6670054, at *4 (E.D. Cal. Nov. 24, 2014) (same); see also Hopson v. Plaza, 2016 WL 1599477, at *4 (E.D. Cal. Apr. 21, 2016) (denying a 12(b) motion to dismiss where it was disputed whether the measures taken by defendants had made their property ADA compliant); but see Johnson v. Oishi, 362 F. Supp. 3d 843, 850 (E.D. Cal. 2019) (dismissing case where defendants provided evidence of remedial measures, which plaintiff did not sufficiently dispute).

Because a plaintiff can only obtain injunctive relief under the ADA, see Oliver, 654 F.3d at 905, a defendant's voluntary cessation of an ADA violation may effectively moot a plaintiff's claim under the Act. Id. Thus, the question becomes whether defendants have provided

4

undisputed evidence establishing that the conditions challenged in plaintiff's complaint have been remedied.

In support of their argument defendants rely on the affidavit of Joseph Pickett,[2] who attests that the parking stalls, parking signage, curb ramp, and access route are compliant with the California Building Code.  (ECF No. 18-1 at 2-5.)  Plaintiff responds with her own expert, Jason Vaughan, a Certified Access Specialist.  Mr. Vaughan did a "cursory review" of the property but was "unable to conduct an entire property evaluation."  (ECF No. 25-3 at 2.)  Mr. Vaughan attests that he observed the following violations: unauthorized vehicle signage, an inaccessible route, inaccessible parking spaces, and inaccessible parking access aisles.  (Id. at 3.)  Mr. Vaughan was "unable" to determine whether the parking-space slopes and access aisles still exceeded a 2% incline and would need to conduct a "site inspection to make such a determination."  (ECF No. 25-1 at 5 n.1.)

Based on foregoing, there are no undisputed facts in the record contradicting the allegations in plaintiff's complaint.  See Johnson v. Hernandez, 69 F. Supp. 3d 1030, 1034–35 (E.D. Cal. 2014) ("[T]here are no undisputed facts contradicting the allegations in Plaintiff's Complaint properly before the Court.  Instead, Defendants offer only conclusory opinions of a purported expert that the alleged ADA violations have been 'resolved' and that Defendants' facilities are now 'compliant.'").  Even though defendants' expert's opinions are arguably less conclusory than those in Johnson, they are rebutted by plaintiff's expert and are therefore disputed.  Accordingly, considering the disputed facts, procedural posture, the court's reluctance to declare a case moot due to voluntary cessation, and the court's hesitancy to dismiss a case on jurisdictional grounds that are fundamentally intertwined with the merits of plaintiff's claim the court denies defendants' motion to dismiss plaintiff's ADA cause of action on mootness grounds.

## II.     Declaratory relief and attorneys' fees

Defendants additionally seek declaratory relief to define the scope of the lease agreement, requesting the court to "delineate the scope of Defendant[s']" legal responsibility.  (ECF No. 18-2

---

[2] Mr. Pickett is both a general contractor used as an expert on California Building Code and a managing member of defendant J & J Holdings, LLC.

at 12.) Defendants argue that because they had "zero obligation to ensure the door pressure" complied with the ADA (because Ross controlled the store, including the door in question) they cannot be liable to plaintiff for her claim about the door. (Id.)

At the hearing on this matter plaintiff's counsel represented that, due to the settlement with Ross, his client no longer intends to pursue any claims that relate to the door or the interior of the store. Accordingly, the court denies defendants' current request for a declaratory judgment as moot. If the issue arises again in the course of litigation defendants are welcome to renew their motion.

Regarding attorneys' fees, because defendants' motion is denied the court cannot find that plaintiff's claims are frivolous, unreasonable, or without foundation. See Hubbard v. SoBreck, LLC, 554 F.3d 742, 744 (9th Cir. 2009). Accordingly, the court denies defendants' request for attorneys' fees.

**III. Site inspection and VDRP**

As jointly agreed to by the parties at the hearing on this matter the parties are to complete a site inspection within 90 days of this order. Plaintiff's counsel represented that plaintiff can be present for the inspection and the parties are encouraged, but not required, to retain a joint expert for the inspection. Also consented to at the hearing, the parties are also to file a stipulation and request to be referred to VDRP by the court within 90 days of this order.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to dismiss, for declaratory judgment, and for attorneys' fees is DENIED;

2. Within 90 days of this order the parties shall complete a site inspection of the property in question;

3. Within 90 days of this order the parties are to file a stipulation and request for this court to refer them to VDRP;

////

////

4. Also within 90 days the parties shall provide the court with a joint statement regarding the status of the inspection and VDRP, if either or both have not occurred by that time, the parties shall provide the court with a good-cause reason for the delay; and

    5. This matter is STAYED until further order from this court.

IT IS SO ORDERED.

Dated: December 10, 2019

/1379

*[Signature: Kendall J. Newman]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE